IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANCISCA MORALEZ,

    Plaintiff,

  v.

WAL-MART STORES INC., dba
WALMART SUPERCENTER, and
WAL-MART REAL ESTATE BUSINESS
TRUST, a Delaware Business Trust,

    Defendants.

No. C 17-05127 WHA

**ORDER GRANTING MOTION FOR LEAVE TO AMEND**

## INTRODUCTION

In this ADA action, plaintiff seeks leave to file a first amended complaint. Defendants oppose. For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

Plaintiff Francisca Moralez initiated this action in September 2017 against defendants Wal-Mart Stores, Inc. and Wal-Mart Real Estate Business Trust. She alleged, among other claims, four violations of Title III of the Americans with Disabilities Act at a Wal-Mart store in Antioch. In January 2018, the parties conducted a joint inspection of the store pursuant to General Order 56. In February, plaintiff provided Wal-Mart with a list of 71 alleged ADA violations discovered during the joint inspection. On March 29, the deadline set by the case management order, plaintiff filed the instant motion.

1  This order follows full briefing. Pursuant to Civ. L.R. 7-1(b), this order finds plaintiff's
2  motion suitable for submission without oral argument and hereby **VACATES** the hearing
3  scheduled for May 17.

## ANALYSIS

Plaintiff seeks leave to file a first amended complaint adding allegations regarding access barriers identified during the parties' joint inspection. FRCP 15(a)(2) permits a party to amend its pleading with the court's leave, stating that "[t]he court should freely give leave when justice so requires." In the FRCP 15 context, our court of appeals has instructed that "[f]ive factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). These factors weigh in favor of granting leave.

*First,* Wal-Mart argues that the proposed amendment is a delay tactic through which plaintiff seeks to prolong the lawsuit and increase attorney's fees. Wal-Mart also complains that plaintiff's motion comes six months after her original complaint and almost three months after the joint site inspection. Although plaintiff fails to explain her delay in waiting months after the site inspection to seek amendment, this order declines to find either bad faith or undue delay. The original complaint alleged that plaintiff would seek to amend once she identified other barriers (Compl. ¶ 11). Plaintiff also seeks leave to amend within the deadline set forth in the case management order.[1]

*Second*, the party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Wal-Mart's opposition fails to do so. Again, the initial complaint provided Wal-Mart notice that plaintiff would amend the complaint to allege the existence of additional barriers upon their discovery. This order disagrees that plaintiff should file her new allegations in a separate lawsuit rather than seek to amend the complaint. As our court of appeals has recognized, "[i]t makes no sense to require a

---

[1] Wal-Mart's request that this order find that "no fees and costs generated to date by Plaintiff can be considered reasonable in this case" is **DENIED**.

2

disabled plaintiff to challenge, in separate cases, multiple barriers in the same facility, controlled by the same entity, all related to the plaintiff's specific disability." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008).

*Third*, Wal-Mart characterizes plaintiff's proposed amendments as "baseless" and "lack[ing] merit," but fails to identify which new allegations it contends are futile or explain why such amendments are insufficient under the ADA. This is also plaintiff's first amendment. These factors accordingly weigh in favor of granting the motion.

## CONCLUSION

For the reasons stated above, plaintiff's motion for leave to amend the complaint is **GRANTED**. Plaintiff shall file the first amended complaint attached to her motion as a separate docket entry by **MAY 7**.

**IT IS SO ORDERED.**

Dated: May 1, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE