IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANCISCA MORALEZ,

    Plaintiff,

v.

WAL-MART STORES INC., dba WALMART SUPERCENTER, and WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware Business Trust,

    Defendants.

No. C 17-05127 WHA

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this action asserting claims under the Americans with Disabilities Act and California's Unruh Civil Rights Act, plaintiff moves for summary judgment on all of her claims. For the following reasons, the motion is **DENIED**.

## STATEMENT

Plaintiff Francisca Moralez claims to suffer from rheumatoid arthritis. She cannot walk or stand in "a meaningful manner" and has used a power wheelchair for over ten years. Since 2013, plaintiff has lived approximately three miles from a Walmart Supercenter in Antioch, California. At all relevant times, defendants Wal-Mart Real Estate Business Trust and Wal-Mart Stores, Inc. owned and operated the store (Dkt. No. 53-1 ¶¶ 1–8).

Plaintiff visited the Walmart store in Antioch several times, including on February 21, 2017 and May 20, 2017. When plaintiff visited on February 21 and May 20, she parked near the entrance to the store's auto shop. Upon entering the auto shop, plaintiff encountered an abrupt and high door threshold which was difficult to wheel over. Once inside, she encountered

loose rugs on the floor which affected the movement of her wheelchair. And, in order to get to the main store, plaintiff had to go through a heavy and difficult-to-open door that closed on her (*id.* ¶¶ 10–13).

Plaintiff initiated this action in September 2017, alleging claims under the Americans with Disabilities Act and California's Unruh Civil Rights Act. In January 2018, the parties conducted a joint inspection of the store pursuant to General Order 56. The following month, plaintiff provided defendants with a list of seventy-one alleged ADA violations discovered during the joint inspection. Plaintiff later amended her complaint to allege these newly-discovered violations. Plaintiff now moves for summary judgment on all of her claims (Dkt. Nos. 1, 34, 54). This order follows full briefing. Pursuant to Civ. L.R. 7-1(b), this order finds plaintiff's motion suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for November 1.

**ANALYSIS**

Summary judgment is proper where the pleadings, depositions, declarations, attached documents and other evidence "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). On summary judgment, the Court must draw all reasonable evidentiary inferences in favor of the non-moving party, including questions of credibility and of the weight to be accorded particular evidence. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991). To prevail on her ADA Title III discrimination claim, plaintiff must show, among other things, that she is disabled within the meaning of the ADA. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)–(b)). Because plaintiff has failed to meet her burden of showing that no genuine issue of material fact exists as to whether or not she is disabled, her motion for summary judgment must be denied.

An individual is disabled for purposes of the ADA if she (1) has a physical or mental impairment that substantially limits one or more of the individual's major life activities, (2) has a record of such an impairment, or (3) is regarded as having such an impairment. *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (citation omitted). Because

plaintiff's state-law discrimination claim is founded solely on the Unruh Act's incorporation of the ADA, the same definition of "disability" applies to her state-law claim. *Turner v. Association of American Medical Colleges*, 167 Cal. App. 4th 1401, 1410–11 (2008).

Plaintiff claims to be disabled because she has a physical impairment — rheumatoid arthritis — that substantially limits her dexterity and ability to walk. The ability to perform manual tasks and walk are unquestionably "major life activities" under the ADA. 42 U.S.C. § 12102(2)(A). The only proof plaintiff submits to support of her claim of disability, however, is her own self-serving declaration. There, she summarily states that she suffers from rheumatoid arthritis, "cannot walk or stand in a meaningful manner," and uses a power wheelchair. Plaintiff further explains that her arthritis causes pain and weakness in her fingers and hands, which "substantially limits [her] dexterity" (Dkt. No. 53-1 ¶¶ 3–5). Plaintiff fails to explain what she means when she says she cannot walk in "a meaningful manner." Nor does she explain what constitutes a "substantial" limit on her dexterity.

Absent from the record is any corroborating evidence such as medical records. Although plaintiff states that the California Department of Motor Vehicles has issued her a "permanent disabled person's license plate," she fails to offer documentation to support this claim (Dkt. No. 53-1 ¶ 6). Notably, plaintiff also failed to produce any such documents in discovery. In connection with plaintiff's deposition on August 8, defendants requested "all DOCUMENTS that support, refer or RELATE to" plaintiffs allegation that she "suffers from rheumatoid arthritis and is substantially limited in her ability to walk, requiring her to use a wheelchair for mobility." Plaintiff nevertheless failed to disclose documentation of her designation by the DMV or any medical designation by a health care provider. Such documents also go unmentioned in plaintiff's initial disclosures (Dkt. No. 59-1 at 4, 136, 145).

Citing *Head v. Glacier Northwest Inc.*, 413 F.3d 1053, 1058–59 (9th Cir. 2005), plaintiff argues that her own testimony regarding her disability is sufficient to establish her entitlement to the ADA's protections. Not so. In *Head*, our court of appeals explained that a plaintiff's testimony may establish a genuine issue of material fact sufficient to *survive* summary judgment so long as the evidence consists of more than "conclusory declarations." Setting aside the

3

conclusory nature of the declaration at issue in the present case, here, it is the plaintiff who is moving for summary judgment, not the defendant. Plaintiff cites no authority suggesting that her declaration alone is sufficient to establish her entitlement to the ADA's protections as a matter of law.

The conclusory assertions in plaintiff's declaration are insufficient to carry her burden on summary judgment. Plaintiff's self-serving testimony can also reasonably be doubted in light of her failure to submit supporting documents with her motion for summary judgment or in response to discovery requests. There accordingly remains a genuine issue of material fact as to whether plaintiff has a disability. Summary judgment on plaintiff's disability-discrimination claims is accordingly **DENIED**.[1]

Finally, although plaintiff labels her motion as one for "summary judgment/summary adjudication," she only requests an order granting summary judgment in her favor, awarding damages, and requiring defendants to remove all inaccessible conditions identified at their store. Nowhere does plaintiff identify "the part of each claim or defense . . . on which summary judgment is sought." FRCP 56. This order therefore does not reach the remaining issues raised in plaintiff's motion, including whether any of the alleged barriers denied plaintiff full and equal access to the Walmart store.

**CONCLUSION**

Plaintiff's motion for summary judgment is **DENIED**. Defendants' request for an order granting summary judgment in their favor *sua sponte* is also **DENIED**.

**IT IS SO ORDERED.**

Dated: October 28, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[1] In disregard of this district's local rules, defendants have filed eighty-four pages of evidentiary objections in addition to a twenty-five page opposition brief. Civil Local Rule 7–3(a) requires that "[a]ny evidentiary or procedural objections to [a] motion must be contained within the [opposition] brief or memorandum." This order accordingly disregards all evidentiary objections not contained within defendants' opposition brief. In any event, because plaintiff is not entitled to summary judgment even considering her declaration, defendants' evidentiary objections are **OVERRULED AS MOOT**.